# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Conrad Lamont Slocumb, #197165, )<br>aka Conrad L. Slocumb,           )<br>                                 )<br>              Petitioner,       )<br>                                 )<br>v.                               )<br>                                 )<br>                                 )<br>Bernard McKie, Warden,           )<br>                                 )<br>              Respondent.        )<br>_____) | CIVIL ACTION NO. 9:10-1605-HMH-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Petitioner, pro se, pursuant to 42 U.S.C. § 2254. The Petitioner raises five grounds for relief in his federal habeas petition.

In Ground Three, Petitioner contends that his sentence is unconstitutional under Graham v. Florida, 130 S.Ct. 2011 (2010). The Respondent concedes that Petitioner is entitled to have his life sentence for burglary first degree vacated pursuant to Graham, and that he should be returned to Richland County General Sessions Court for re-sentencing on the burglary first degree conviction. Therefore, it is **recommended** that this Court **grant** Petitioner relief on Ground Three of his Petition, that his sentence for burglary first degree, be **vacated**, and that the Respondent be directed to facilitate re-sentencing of the Petitioner as set for herein in compliance with Graham.

With respect to the remainder of Petitioner's asserted grounds for relief, the undersigned does not find it appropriate to consider those claims at this time. Until Petitioner has been re-sentenced in state court, it cannot be determined whether Petitioner will elect to proceed to



exhaust further state and federal remedies based upon any issues that arise as a result of his re-sentencing proceedings.  Hence, if the Court proceeded to consider Petitioner's other federal claims at this time, it could result in potential successive federal petitions and/or piecemeal consideration of Petitioner's federal claims.  Lewis v. Maine, 254 F.Supp.2d 159, 164-165 & n. 5 (D.Me. 2003)[Finding that a piecemeal approach to judgments of conviction does not serve the court's interest in resolving habeas challenges to state court judgments in one coherent, efficient review]; cf. Rose v. Lundy, 455 U.S. 519, 520-521 (1982).

Therefore, the undersigned recommends that the remainder of Petitioner's claims be **dismissed, without prejudice.**  Petitioner may then re-file a petition after re-sentencing, if he believes he has grounds for habeas relief.  See United States v. Dodson, 291 F.3d 268, 272-276 (4th Cir. 2002)[Where "convictions and sentences arise from a multi-count indictment, a single judgment of conviction results.  Thus, there is a strong presumption that Congress generally intended that convictions and sentences on all counts become a final judgment of conviction . . . ."]; see also Magwood v. Patterson, 130 S.Ct. 2788 (2010)[re-sentencing led to a new judgment]; Scott v. Hubert, 635 F.3d 659, 664-665 (5th Cir. 2011)["The question of when a conviction becomes final for federal habeas purposes is purely a question of federal law and final judgment in a criminal case means sentence (the sentence is the judgment)]; Murphy v. United States, 634 F.3d 1303, 1310-1311 (11th Cir. 2011)[Judgment to which Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") refers is the underlying conviction and the most recent sentence that authorizes the petitioner's current detention].  But cf. United States v. Wilson, 256 F.3d 217, 220 (4th Cir. 2001)[Court did not regard the various counts upon which Plaintiff was convicted as a "unified whole" where one count was remanded with instructions to vacate his conviction and sentence on that one count only].



**Conclusion**

Based on the foregoing, it is recommended that Petitioner's habeas petition be **granted** with respect to Ground Three only, and that Petitioner be returned to the state sentencing court for re-sentencing as directed herein. It is further recommended that the remaining claims in the petition be **dismissed at this time, without prejudice**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 12, 2011
Charleston, South Carolina



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

